Jeffrey D. Ullman, Esq. (JU3590)
**ULLMAN, FURHMAN & PLATT, P.C.**
Attorneys for Defendant Norman Baker
89 Headquarters Plaza
North Tower, Twelfth Floor
Morristown, New Jersey 07960
(973) 993-1744

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEAP SYSTEMS, INC., <br><br> Plaintiff, <br><br> —*against*— <br><br> MONEYTRAX, INC. and NORMAN BAKER, <br><br> Defendants. | Civil Action No. 05cv1521 (SRC) <br><br> **SECOND AMENDED ANSWER WITH SECOND AMENDED COUNTERCLAIM** |

Defendant, NORMAN BAKER, residing at 499 F.R. Lewis Road, Nacogdoches, Texas, by his attorneys, ULLMAN, FURHMAN & PLATT, P.C., as and for his answer herein:

1. Denies the allegations of paragraphs 4, 5, 6, 7, 8, 9, 11, 13, 21, 22, 23, 24, 25, 22, 28, 30, 32, 34, 35, 36, 37, 38, 41, 42, 43, 44, 45, 59, 60, 61, 62, 63, 68, 71, 72, 77, 78, 80, 81, 82, 83, 85, 86, 88, 89, 90, 91, 94, 95, 96, 112, 114, 115, 116, 117, 119, 120, 122, 123, 124, 126, 127, 128, 130, 131, 132 and 133 thereof.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1, 2, 3, 10, 12, 27, 31, 33, 39, 40, 46, 47, 48, 49, 50, 51, 52, 55, 92, 93, 98, 99, 100, 101, 102, 103, 104, 106, 107, 108, 109, 110 and 111 thereof.

3. Denies the allegations of paragraphs 14, 15, 16, 17, 18, 19, 20, 29, 53, 54, 58, 66, 67, 69, 70, 75 and 76 thereof, except to the extent the same refer to a document, and, as to such

allegations, refers to the document for the truth of the content thereof.

4. Denies the allegations of paragraph 87 thereof, except admits that the substance of the LEAP system is disclosed in its written and audiovisual materials and is apparent in its software.

5. Neither admits nor denies the allegations of paragraphs 57, 65 and 74, as the same allege conclusions of law and not facts

6. Repeats and realleges each and every admission, denial and denial of sufficient knowledge or information to form a belief as to truth interposed herein with respect to the allegations repeated and realleged at paragraphs 56, 64, 73, 79, 84, 97, 105, 113, 118, 125 and 129 thereof, as if the same were fully set forth at length.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims have been waived.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has been guilty of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE

Defendant Norman Baker has been discharged from any contractual liability to plaintiff by reason of plaintiff's breach of the contract.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are pre-empted by the provisions of the Copyright Act, 17 U.S.C. § 101, *et seq.*

## COUNTERCLAIM

Defendant, Norman Baker ("Baker"), residing at Nacogdoches, Texas, by his attorneys, U<small>LLMAN</small>, F<small>URHMAN</small> & P<small>LATT</small>, P.C., as and for his counterclaim against plaintiff Leap Systems, Inc., upon information and belief, alleges:

7. In or about 1991, defendant Norman Baker entered into a contract with plaintiff's predecessor in interest, Executive Asset Management, Inc. ("EAM"), pursuant to which the parties agreed to divide certain royalty income derived from the sales of certain products ("the Contract"). The Contract is identified in the complaint herein as "the Consultancy Agreement."

8. Sometime after January, 1991, plaintiff succeeded to all of the assets and obligations of EAM, including the Contract.

9. At all relevant times, Baker has fully performed all obligations on his part to be performed pursuant to the Contract.

10. Beginning in or about January, 2005, plaintiff failed to account for or pay over to Baker sums of money due to Baker from plaintiff pursuant to the contract.

11. Despite due demand therefor, plaintiff has failed and refused to perform its obligations under the Contract, and has failed and refused to account to Baker or make payment as required by the Contract.

12. By reason of the foregoing, plaintiff has breached the Contract.

13. As a result of the breach, plaintiff has sustained damages.

**WHEREFORE,** defendant Norman Baker demands judgment against plaintiff dismissing the complaint herein, awarding him compensatory damages upon his counterclaim, in an amount to be ascertained at the trial of the action, together with prejudgment interest thereon, and granting such other, further and different relief, as may be proper in the matter, together with costs and, to the extent authorized by law, reasonable attorneys fees.

Dated: Morristown, New Jersey
       February 27, 2006

                                                                                **ULLMAN, FURHMAN & PLATT, P.C.**
                                                                                Attorneys for Defendant Norman Baker

                                                                                By: /s/Jeffrey D. Ullman
                                                                                           Jeffrey D. Ullman
                                                                                          A Member of the Firm

## JURY DEMAND

Plaintiff demands trial by jury as to all issues, claims and defenses so triable.

## CERTIFICATION OF SERVICE

I hereby certify that I am an attorney at law, duly admitted to practice in this Court. I served the within Answer and Counterclaim on behalf of defendant Norman Baker upon all parties entitled to such service by mailing true copies of the same to plaintiff's attorneys, Drinker, Biddle & Reath, LLP, 500 Campus Drive, Florham Park, New Jersey 07932, and to the attorneys for co-defendant Moneytrax, Inc., Connell Foley, LLP, 85 Livingston Avenue, Roseland, New Jersey 07068, on February 27, 2006.

                                                                              /s/Jeffrey D. Ullman
                                                                               Jeffrey D. Ullman

Dated: Morristown, New Jersey
       February 27, 2006