IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Melissa L. Klipp (MK 7772)
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, New Jersey 07932
(973) 360-1100

Attorneys for Plaintiff
LEAP Systems, Inc.

| | |
|---|---|
| LEAP SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>MONEYTRAX, INC.<br>and NORMAN BAKER,<br><br>Defendants. | Civil Action No. 05cv1521(SRC)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT NORMAN BAKER'S SECOND AMENDED COUNTERCLAIM**<br><br>DOCUMENT FILED ELECTRONICALLY |

Plaintiff LEAP Systems, Inc. ("LEAP"), by and through its attorneys, Drinker Biddle & Reath LLP, answers Defendant Norman Baker's Second Amended Counterclaim ("Second Amended Counterclaim") as follows:

1.      With respect to the allegations contained in Paragraph 7 of the Second Amended Counterclaim, LEAP admits only that in or about 1991, Baker entered into a Consultancy Agreement with LEAP's predecessor in interest Executive Asset Management, Inc. ("EAM"). The Consultancy Agreement is in writing and speaks for itself. Accordingly, to the extent the allegations contained in Paragraph 7 of the Second Amended Counterclaim differ from, improperly characterize, or are inconsistent with that document, those allegations are denied.

2.      With respect to the allegations contained in Paragraph 8 of the Second Amended Counterclaim, LEAP admits only that it succeeded to all of the assets and obligations of EAM after January, 1991.

3.      LEAP denies the allegations contained in Paragraph 9 of the Second Amended Counterclaim.

4.      With respect to the allegations contained in Paragraph 10 of the Second Amended Counterclaim, LEAP admits only that it did not make payments to Baker under the Consultancy Agreement in or after January 2005. LEAP specifically denies that Baker is entitled to such payments.

5.      With respect to the allegations contained in Paragraph 11 of the Second Amended Counterclaim, LEAP admits only that it has stopped making payments to Baker. LEAP denies that Baker is entitled to any payments under the Consultancy Agreement and specifically avers that Baker's multiple breaches of

that and other agreements, duties and commitments release LEAP from any further duties to Baker.

6.    LEAP denies the allegations contained in Paragraph 12 of the Second Amended Counterclaim.

7.    LEAP denies the allegations contained in Paragraph 13 of the Second Amended Counterclaim.    To the extent a response is required to the "WHEREFORE" clause contained on page 4 of the Second Amended Counterclaim, LEAP admits only that the enumerated relief is sought by Baker, but denies that Baker is entitled to such relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Counterclaim, and each and every claim for relief therein, fails to state a claim upon which relief can be granted against LEAP.

### SECOND AFFIRMATIVE DEFENSE

The Second Amended Counterclaim is barred, in whole or in part, as Baker has materially breached the alleged agreement he seeks to enforce.

### THIRD AFFIRMATIVE DEFENSE

Baker's material breach of the Consultancy Agreement, as set forth in LEAP's Second Amended Complaint, terminated the agreement and released LEAP from future performance.

## FOURTH AFFIRMATIVE DEFENSE

The Second Amended Counterclaim is barred, in whole or in part, to the extent that damages, if any exist, were caused by Baker's own actions or inactions.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Baker was damaged, which LEAP denies, Baker has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

The Second Amended Counterclaim is barred by the doctrine of laches, estoppel, waiver, and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Baker has not suffered any real damages as a result of the conduct asserted in the Second Amended Counterclaim.

## EIGHTH AFFIRMATIVE DEFENSE

LEAP reserves the right to amend, add or modify its Affirmative Defenses as further information is developed during the course of discovery in this matter.

WHEREFORE, LEAP requests that Baker's requests for relief be denied and demands judgment in its favor and against defendant Baker as follows:

1. Dismissing Baker's Second Amended Counterclaim in its entirety with prejudice; and

2.    Awarding LEAP judgment against Baker and the relief it seeks in its Second Amended Complaint; and

3.    Awarding LEAP its attorney's fees and costs; and

4.    Such other and further relief as the Court deems just and proper.

DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, New Jersey 07932
(973) 360-1100

Dated: March 8, 2006          s/ Melissa L. Klipp (MK 7772)
                              Melissa L. Klipp