IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Melissa L. Klipp (MK 7772)
DRINKER BIDDLE & REATH, LLP
500 Campus Drive
Florham Park, New Jersey  07932
(973) 360-1100
*Attorneys for Plaintiff*
*LEAP Systems, Inc.*

| | | |
|---|---|---|
| LEAP SYSTEMS, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>MONEYTRAX, INC. and NORMAN BAKER,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DOCUMENT ELECTRONICALLY FILED<br><br>Civil Action No. 05cv1521(FLW)<br>Hon. Freda L. Wolfson<br><br>**DECLARATION OF MELISSA L. KLIPP IN SUPPORT OF MOTION TO SEAL MATERIALS PURSUANT TO L. CIV. R. 5.3** |

**MELISSA L. KLIPP**, of full age, hereby certifies as follows:

1. I am an attorney at law of the State of New Jersey. I am a partner of the firm of Drinker Biddle & Reath LLP, counsel in this matter on behalf of plaintiff LEAP Systems, Inc.

2. I make this Certification on my personal knowledge in further support of the Motion filed pursuant to Local Civil Rule 5.3 to seal those portions of the recording made on March 25, 2008 ("Recording") discussing the specific

terms of the settlement agreement between the parties in this matter to the extent that it contains specific terms of the agreement.

3. On March 25, 2008, the parties in this matter reached a settlement agreement. In order to capture the terms of the agreement, the parties were granted permission to use Judge Bongiovanni's tape recorder to preserve the agreement's terms in the event of later disagreement.

4. The Recording is not, nor was it intended to be, part of the official court record and was only meant to serve as a reference for the parties when they drafted the actual agreement. The parties specifically agreed to keep the particular settlement terms confidential. There is no right to public access to this recording.

5. LEAP has a privacy interest in keeping this information from becoming public record as it contains sensitive business information of a private agreement between the parties.

6. LEAP makes this application in conformance with the parties' expressed intent to keep the specific terms confidential.

7. If this information were made public, LEAP will be at risk for a clearly defined and serious injury. Disclosure of the specific terms would render

LEAP at a tactical disadvantage in the future with regard to enforcing and litigating its rights as well as allowing its competitors to have insight into LEAP's business.

8. LEAP has direct knowledge that in the short time since the parties' agreement was recorded, counsel for one of LEAP's primary competitors has already made direct requests to the Court seeking the information on the tape recording. This demonstrates that the threat is not only serious, but it is real and imminent.

9. If the Court is not inclined to seal the full tape recording, LEAP requests those portions discussing the <u>specific</u> <u>terms</u> of the settlement agreement be sealed. This would be the least restrictive means of protecting LEAP against imminent harm without sealing records unnecessarily.

10. Based on statements made to the Court by parties for the Defendants, LEAP does not expect that the other parties to the agreement will contest the motion to seal.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false I am subject to punishment.

/s/ Melissa L. Klipp