UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LEAP SYSTEMS, INC., | : | |
| | : | Civil Action No. 05-1521 (FLW) |
| Plaintiff, | : | |
| | : | **ORDER** |
| v. | : | |
| | : | |
| MONEYTRAX, INC. and NORMAN BAKER, | : | |
| | : | |
| Defendants. | : | |

**THIS MATTER** having come before the Court upon application of Plaintiff LEAP Systems, Inc., ("LEAP") for an Order, pursuant to Local Civil Rule 5.3, sealing certain materials, and the Court having considered the Declaration of Melissa L. Klipp, Esq. in support of the application and there being no opposition thereto, and the Court finding:

1. The materials that LEAP seeks to seal is a recording made on March 25, 2008 ("Recording") discussing the specific terms of the settlement agreement between the parties in this matter.

2. On March 25, 2008, the parties to this matter reached a settlement agreement. In order to capture the terms of the agreement, the parties were granted permission to use the tape recorder in Judge Bongiovanni's courtroom in order to preserve the agreement.

3. The Recording is not part of the official court record and was only meant to serve as a reference for the parties when they drafted the actual agreement. The parties agreed to keep the particular settlement terms confidential.

4. LEAP has a privacy interest in keeping this information from becoming public record

as it contains sensitive business information of a private agreement between the parties.

5. LEAP makes this application in conformance with the parties' expressed intent to keep the specific terms confidential.

6. Upon consideration of the Declaration submitted by LEAP and the materials that LEAP seeks to have the Court seal, the Court concludes that LEAP has met its burden of proving, under L. Civ. R. 5.3 and applicable case law, that the materials described above should be filed under seal. Specifically, the Court concludes that (a) the material clearly contain confidential information of the parties that the parties agreed to keep confidential as part of their agreement; (b) the parties have a legitimate interest in maintaining the confidentiality of the materials in order to protect themselves from their competitors who could use the materials and the information contained therein to unfairly compete with the parties and that would put LEAP at a severe tactical disadvantage in enforcing and litigating its rights; (c) that LEAP has shown that public disclosure of the materials would result in clearly defined and serious injury to the parties, and that this threat is imminent as demonstrated by requests already made seeking the material; and (d) that LEAP has shown that no less restrictive alternative to sealing the materials is available, as LEAP only requests that portions of the Recording are sealed or redacted and does not ask that any reference to their existence be sealed or that non-confidential information be protected.

8. The foregoing conclusions are support by relevant case law holding that the right of

the public access to court filings is not absolute, and may be overcome by a showing such as LEAP makes here, in discretion of the trial court. *Nixon v. Warner Communications, Inc.*, 453 U.S. 589, 603 (1978). This outcome is also supported by the recent decision in *Vista India, Inc. v. Raaga*, No. 07-1262, 2008 U.S. Dist. LEXIS 24454 (D.N.J. Mar. 27, 2008) where the court sealed just those portions of the transcript and documents that contained specific settlement terms in order to protect the party's interest in not allowing competitors and potential future litigations from gaining an important tactical advantage over the party. The Court, upon a proper showing as made by LEAP, may in its discretion prevent confidential materials from being "transmitted into materials presumptively subject to public access." *Gambale v. Deutsche Bank AG*, 37 F.3d 133, 143 n.8 (2d Cir. 2004); this matter having been considered pursuant to Fed. R. Civ. 78, and for good cause shown,

**IT IS** on this 9th day of May, 2008,

**ORDERED** that the motion to seal portions of the March 25, 2008 recording that contains specific settlement terms be and hereby is GRANTED; it is further

**ORDERED** that the Recording shall be appropriately sealed and shall be maintained under seal by the Clerk until further Order of the Court.

                                                    /s/Freda L. Wolfson
                                                    Freda L. Wolfson, U.S.D.J.