**ULLMAN, FURHMAN & PLATT, P.C.**
Attorneys for Defendants, Estate of Norman Baker and Peggy Baker, and Intervenor, Todd Langford
89 Headquarters Plaza
North Tower, 12th Floor
Morristown, New Jersey 07960
Tel.: (973) 993-1744
Fax: (973) 993-1748
Email: ullman@ufplaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEAP SYSTEMS, INC.,<br><br>Plaintiff,<br><br>—*against*—<br><br>MONEYTRAX, INC., ESTATE OF NORMAN BAKER and PEGGY BAKER,<br><br>Defendants.<br><br>TODD LANGFORD,<br><br>Invervenor. | Civil Action No. 05cv1521 (FLW)<br><br>**CERTIFICATION OF<br>JEFFREY D. ULLMAN** |

JEFFREY D. ULLMAN, being of full age, hereby certifies and says, under penalties of perjury:

1. I am a member of the bar of this Court, and a member of Ullman, Furhman & Platt, P.C., attorneys for intervenor-movant, Todd Langford.

2. I have also served as attorney for the Estate of Norman Baker and Peggy Baker, and, originally, the late Norman Baker, defendants in this action. I am fully familiar with the facts and circumstances of the matter, and I make and submit this Certification in response to the Clerk's ECF Quality Control Message, dated and docketed on June 15, 2009, directing us to

      file a certification to explain why we had designated as "confidential material" our certification in support of Mr. Langford's motion to intervene and unseal the transcript of certain settlement proceedings in this matter, absent an order directing such a designation. Our intention was to file the certification as "confidential material," within the meaning of L.Civ.R. 5.3(c)(3).

3. Although the motion here is to *unseal* rather than "seal" a court record, we believed that it was subject in all respects to L.Civ.R. 5.3. Pursuant to that rule, any "material deemed confidential by a party and submitted with regard" to such a motion "shall be filed under the designation, 'confidential materials' and shall remain sealed until the motion is decided." L.Civ.R. 5.3(c)(3).

4. The certification in issue refers, albeit briefly, at paragraphs 19 and 20, to the contents of a document filed under seal in the collateral state court action pending in the Chancery Division of the Superior Court. The referenced portion of the state court document, in turn, provides a partial description of the content of the sealed transcript which is the subject of this motion.

5. Out of an abundance of caution, therefore, we were constrained to designate our certification as "confidential materials" by filing the same as a confidential document, pursuant to the procedures provided by the ECF system. The notice of motion and letter brief, by way of contrast, contained no references which would justify their being sealed, and they were filed without any designation of confidentiality.

6. We trust the foregoing satisfactorily explains why our certification was filed as a confidential document. We believe the filing is correct, and consistent with the provisions of the local rules.

7.  The foregoing statement is true. I understand that if any of the foregoing statement is willfully false, I am liable to punishment.

/s/ _____
Jeffrey D. Ullman

Dated: Morristown, New Jersey
June 15, 2009