IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Walter J. Fleischer, Jr.
Heather M. Hughes
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, New Jersey 07932
(973) 360-1100
*Attorneys for Plaintiff*
*LEAP Systems, Inc.*

| | |
|---|---|
| LEAP SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MONEYTRAX, INC., ESTATE OF NORMAN BAKER and PEGGY BAKER, <br><br> Defendants. | DOCUMENT ELECTRONICALLY FILED <br><br> Civil Action No. 05cv1521(FLW) <br> Hon. Freda L. Wolfson <br><br> **DECLARATION OF MATTHEW C. MOENCH IN SUPPORT OF MOTION TO SEAL MATERIALS PURSUANT TO L. CIV. R. 5.3** |

**MATTHEW C. MOENCH**, of full age, hereby certifies as follows:

1. I am an attorney at law of the State of New Jersey. I am an associate of the firm of Drinker Biddle & Reath LLP, counsel in this matter on behalf of plaintiff LEAP Systems, Inc.

2. I make this Certification on my personal knowledge in support of the Motion filed pursuant to Local Civil Rule 5.3 to seal those portions of non-

party Todd Langford's Motion to Intervene and Modify or Vacate the Court's May 9, 2008 Order sealing the recording made on March 25, 2008 ("Recording") discussing the specific terms of the settlement agreement between the parties in this matter to the extent that it contains specific terms of the agreement. LEAP also seeks to seal those portions of LEAP's submission to the Court in opposition to Mr. Langford's motion as well as to any reply thereto.

3. On May 9, 2008, the Court entered an order sealing a recording made on March 25, 2008 ("Recording") discussing the specific terms of the settlement agreements between LEAP Systems, Inc., and Norman Baker and MoneyTrax, Inc.

4. In the May 9, 2008 Order, the Court held that the Recording is not part of the official court record.

5. The Court also found that LEAP has a privacy interest in keeping this information from becoming public record as it contains sensitive business information of a private agreement between the parties.

6. The Court found that LEAP made the application in conformance with the parties' expressed intent to keep the specific terms confidential.

7. On the basis of these factual findings, the Court found that LEAP met its legal burden under L. Civ. R. 5.3 and that the materials should be protected from disclosure.

8. On June 11, 2008, non-party Todd Langford filed a motion to intervene in this action seeking to modify or vacate the May 9, 2008 Order protecting the terms of the settlement agreement between LEAP and MoneyTrax from public disclosure.

9. LEAP vigorously opposes this motion because (1) Mr. Langford's motion to intervene is untimely and unduly prejudices LEAP, (2) the Court has already held that the settlement is not a court record subject to public access, (3) Mr. Langford is in effect asking the Court to modify a material term of a private settlement, and (4) the settlement agreement contains confidential information that if made public would harm LEAP, as this Court found in its May 9, 2008 Order.

10. LEAP has a continued privacy interest in the settlement agreement, which the parties agreed would be confidential, and upon which LEAP relied in agreeing to settle the case.

11. Mr. Langford essentially is asking this Court to modify a material term to a private contract between two parties settling litigation. LEAP would be severely injured if the confidentiality provision is modified.

12. LEAP has a legitimate interest in maintaining the confidentiality of the materials in order to protect itself from its competitors, such as Mr. Langford, who could use the materials and the information contained therein to unfairly

compete with LEAP and that would put LEAP at a severe tactical disadvantage in enforcing and litigating its rights.

13. LEAP has shown that public disclosure of the materials would result in clearly defined and serious injury to the parties, and that this threat is imminent as demonstrated by the current request being made by Mr. Langford seeking the material.

14. LEAP has shown that no less restrictive alternative to sealing the materials is available, as LEAP only requests that portions of the motions are sealed or redacted and does not ask that any reference to their existence be sealed or that non-confidential information be protected.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false I am subject to punishment.

_____
Matthew C. Moench

4

FP01/ 6103827.1