UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

September 24, 2009

**LETTER ORDER**

Re:  LEAP Systems, Inc. v. MoneyTrax, Inc., et al.
     Civil Action No. 05-1521 (FLW)

Dear Counsel:

Pending before the Court is third party, Todd Langford's ("Lanford"), motion to intervene for the purpose of moving to vacate or modify the District Court's May 9, 2008 Order, sealing the transcript of the March 25, 2008 settlement proceedings in this matter. [Docket Entry No. 79]. The Court has considered and reviewed the papers submitted in support of and in opposition to Langford's motion, and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons stated below, Langford's motion to intervene is GRANTED; however, his request to unseal the transcript of the March 25, 2008 settlement proceedings is DENIED.

The Court, the parties and Langford are all familiar with the facts underlying Langford's motion. Therefore only the most pertinent are included herein. On March 25, 2008, the District Court conducted a settlement conference in this matter. During this conference, the parties reached a settlement. For the parties' convenience, "[i]n order to capture the terms of the agreement, the parties were granted permission to use the tape recorder" in this Court's "courtroom to preserve the agreement." (5/9/08 Order at ¶ 2). This Court notes that It neither participated in nor was present during the March 25, 2008 recording. On May 9, 2008, the District Court sealed the March 25, 2008 recording, specifically finding that "[t]he Recording is not part of the official court record and was

only meant to serve as a reference for the parties when they drafted the actual agreement. The parties agreed to keep the particular settlement terms confidential." (*Id*. at ¶ 3). Langford now seeks to intervene in this matter in order to vacate or modify the District Court's Order sealing the March 25, 2008 recording.

The Court grants Langford's motion to intervene and considers his request to vacate or modify the District Court's Order sealing the March 25, 2008 recording. Langford's motion must be denied because the March 25, 2008 recording is not a judicial record and therefore is not accessible by the public. While a minute entry in this matter incorrectly indicates that the terms of the parties' settlement were "placed on the record" (3/26/08 Minute Entry of Proceedings), the District Court specifically found that "[t]he Recording is not part of the official court record[,]" but, instead, "was only meant to serve as a reference for the parties when they drafted the actual agreement." (5/9/08 Order at ¶ 3). Given the District Court's specific exemption of the March 25, 2008 recording from the Court's official record, there is no official judicial proceeding or Court record to unseal. Neither Langford nor any other member of the public has a legitimate right in seeking to access the parties' unfiled and privately recorded, confidential settlement agreement. Therefore, Langford's request to vacate or modify the District Court's Order sealing the March 25, 2008 recording is denied. Plaintiff's request for attorney's fees in opposing Langford's motion is likewise denied.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT LANGFORD'S MOTION IS GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE THE AFOREMENTIONED MOTION [DOCKET ENTRY NO. 79] ACCORDINGLY.**

s/Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**