# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

Walter J. Fleischer, Jr.
Heather M. Hughes
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, New Jersey 07932
(973) 360-1100
*Attorneys for Plaintiff*
*LEAP Systems, Inc.*

RECEIVED

SEP 25 2009

AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| LEAP SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MONEYTRAX, INC., ESTATE OF NORMAN BAKER and PEGGY BAKER, <br><br> Defendants. | DOCUMENT ELECTRONICALLY FILED <br><br> Civil Action No. 05cv1521(FLW) <br> Hon. Freda L. Wolfson <br><br> [Proposed] ORDER to Seal |

**THIS MATTER** having come before the Court upon application of Plaintiff LEAP Systems, Inc., ("LEAP") for an Order, pursuant to Local Civil Rule 5.3, sealing certain materials, and the Court having considered the Declaration of Matthew C. Moench, Esq. in support of the application, the Court orders as follows:

FP01/6103790.1

Case 3:05-cv-01521-FLW-TJB   Document 86-3   Filed 06/24/2009   Page 2 of 5

## **FINDINGS OF FACT**

1. On May 9, 2008, the Court entered an order sealing a recording made on March 25, 2008 ("Recording") discussing the specific terms of the settlement agreements between LEAP Systems, Inc., and Norman Baker and MoneyTrax, Inc.

2. In the May 9, 2008 Order, the Court held that the Recording is not part of the official court record.

3. The Court also found that LEAP has a privacy interest in keeping this information from becoming public record as it contains sensitive business information of a private agreement between the parties.

4. The Court found that LEAP made the application in conformance with the parties' expressed intent to keep the specific terms confidential.

5. On the basis of these factual findings, the Court found that LEAP met its legal burden under L. Civ. R. 5.3 and that the materials should be protected from disclosure.

6. On June 11, 2008, non-party Todd Langford filed a motion to intervene in this action seeking to modify or vacate the May 9, 2008 Order protecting the terms of the settlement agreement between LEAP and MoneyTrax from public disclosure.

FP01/ 6103790.1

Case 3:05-cv-01521-FLW-TJB   Document 86-3   Filed 06/24/2009   Page 3 of 5

7. LEAP vigorously opposes this motion because (1) Mr. Langford's motion to intervene is untimely and unduly prejudices LEAP, (2) the Court has already held that the settlement is not a court record subject to public access, (3) Mr. Langford is in effect asking the Court to modify a material term of a private settlement, and (4) the settlement agreement contains confidential information that if made public would harm LEAP, as this Court held in its May 9, 2008 Order.

8. In conjunction with its opposition to Mr. Langford's motion to intervene, LEAP seeks to seal those portions of Mr. Langford's moving papers, LEAP's opposition and accompanying documents, and any reply to LEAP's opposition that reference the terms of the confidential settlement entered into between LEAP and MoneyTrax and subject to the May 9, 2008 order.

9. LEAP has a continued privacy interest in the settlement agreement, which the parties agreed would be confidential, and upon which LEAP relied in agreeing to settle the case.

## CONCLUSIONS OF LAW

10. In addition to the foregoing findings of fact, the Court makes the following conclusions of law.

11. Upon consideration of the Declaration submitted by LEAP and the materials that LEAP seeks to have the Court seal, the Court concludes that LEAP

3

FP01/ 6103790.1

Case 3:05-cv-01521-FLW-TJB   Document 86-3   Filed 06/24/2009   Page 4 of 5

has met its burden of proving, under L. Civ. R. 5.3 and applicable case law, that the materials described above should be filed under seal. Specifically, the Court concludes that (a) the materials clearly contain confidential information of the parties that the parties agreed to keep confidential as part of their agreement; (b) that LEAP has a legitimate interest in maintaining the confidentiality of the materials in order to protect itself from its competitors who could use the materials and the information contained therein to unfairly compete with LEAP and that would put LEAP at a severe tactical disadvantage in enforcing and litigating its rights; (c) that LEAP has shown that public disclosure of the materials would result in clearly defined and serious injury to the parties, and that this threat is imminent as demonstrated by requests already made seeking the material; and (d) that LEAP has shown that no less restrictive alternative to sealing the materials is available, as LEAP only requests that portions of the motions are sealed or redacted and does not ask that any reference to their existence be sealed or that non-confidential information be protected.

12. The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute, and may be overcome by a showing such as LEAP makes here, in the discretion of the trial court. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 603 (1978). This outcome is also supported by the decision in *Vista India, Inc. v. Raaga*, 07-1262, 2008 U.S.

Case 3:05-cv-01521-FLW-TJB   Document 86-3   Filed 06/24/2009   Page 5 of 5

Dist. LEXIS 24454 (D.N.J. March 27, 2008) where the court sealed just those portions of the transcript and documents that contained specific settlement terms in order to protect the party's interest in not allowing competitors and potential future litigants from gaining an important tactical advantage over the party. The Court, upon a proper showing as made by LEAP, may in its discretion prevent confidential materials from being "transmuted into materials presumptively subject to public access." *Gambale v. Deutsche Bank AG,* 37 F.3d 133, 143 n.8 (2d Cir. 2004).

**BASED UPON** the foregoing findings of fact and conclusions of law,

IT IS ON THIS 21st DAY OF ~~July,~~ September 2009

**ORDERED** as follows:

A. That the Motion to Seal portions of the Mr. Langford's Motion to Intervene and Vacate or Modify the May 9, 2008 Order, LEAP's opposition to Mr. Langford's motion, and any reply thereto, that contains specific settlements terms be and hereby is **GRANTED**; and

B. That LEAP will submit proposed redacted versions of the documents to be filed with the Clerk within 10 days of this Order.

C. The Clerk of the Court terminate the aforementioned Motion [Docket Entry No. 56] accordingly.

Hon. ~~Freda L. Wolfson, U.S.D.J.~~
Tonianne J. Bongiovanni, U.S.M.J.